NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 898

IN RE CYPRESS SEMICONDUCTOR CORPORATION,

Petitioner.

On Writ of Mandamus from the United States International Trade Commission in case no. 337-TA-648.

ON PETITION FOR WRIT OF MANDAMUS

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

DYK, Circuit Judge.

## O R D E R

Cypress Semiconductor Corporation petitions for a writ of mandamus directing the United States International Trade Commission (Commission) to halt its investigation in case no. 337-TA-648. Responses in support of the petition were received from (1) Elpida Memory Inc., (2) Nanya Technology Corporation, Powerchip Semiconductor Corporation, and Spansion Inc., (3) Grace Semiconductor Manufacturing Corporation, Integrated Device Technology, Inc. and STMicroelectronics N.V., (4) United Microelectronics Corporation, ProMOS Technologies, Inc., Microchip Technology Inc., Micronas GmbH, and Dongbu HiTek Semiconductor Business, (5) MagnaChip Semiconductor, Ltd., and (6) National Semiconductor Corporation. Agere Systems Inc. and LSI Corporation (Agere) and the Commission each oppose the petition.

Cypress is a respondent in case no. 337-TA-648 concerning Agere's patent. Agere's patent was previously the subject of patent infringement litigation in the United States District Court for the Eastern District of Pennsylvania. Agere Sys., Inc. v. Atmel

Corp., No. 02-864 (E.D. Pa.) (Atmel). In Atmel, the district court ruled the patent invalid. After judgment was entered, the parties settled their dispute and, on motion, the district court vacated its summary judgment orders, the jury verdict, and the judgment.

Agere subsequently submitted a complaint to the Commission alleging that various respondents infringe its patent through importation and sale of certain semiconductor integrated circuits using tungsten metallization, and the Commission initiated an investigation. Cypress filed a motion for summary determination arguing that Agere is precluded from relitigating the validity of the patent based on the Eastern District of Pennsylvania's rulings in Atmel. The administrative law judge (ALJ) denied the motion, and the Commission affirmed the ALJ's ruling that the Atmel judgment did not preclude Agere from relitigating the patent's validity. Cypress now seeks a petition for a writ of mandamus directing the Commission to halt its proceedings.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U. S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985); see also United States v. Watson, 603 F.2d 192, 196-97 (C.C.P.A. 1979) ("the writ will not issue to cure the mere commission of reversible error").

Cypress argues that the vacated invalidity judgment in Atmel precludes Agere from asserting the patent in the Commission investigation and, thus, this court should direct the Commission to terminate the investigation. Cypress argues that a writ is warranted to protect Cypress and the other respondents from the expense and inconvenience of discovery and a trial in the Commission proceeding.

The parties assert that this dispute centers on whether the preclusion question is governed by Federal Circuit law or Third Circuit law. Cypress argues that Third Circuit law should govern because the Atmel judgment was issued by the Eastern District of Pennsylvania, which is within the Third Circuit. Cypress cites the decision of the United States Court of Appeals for the Eighth Circuit in Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014-15 (8th Cir. 2002), in which the Eighth Circuit stated that "the res judicata effect of the first forum's judgment is determined by the first forum's law, not by the law of the second forum." Cypress argues that pursuant to the Third Circuit's decision in Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213 (3d Cir. 2003), the court should rule that the vacated judgment in Atmel retains preclusive effect and prevents Agere from asserting its patent in the Commission proceedings.

Agere argues that Federal Circuit law should govern because the question is not whether the Eastern District of Pennsylvania correctly vacated the judgment in Atmel; instead, the question is whether the Commission should give preclusive effect to that judgment. The Commission argues that Federal Circuit law should govern because the controlling law on procedural matters such as preclusion is that of the circuit to which an appeal would normally lie. The Commission argues that because this court has exclusive jurisdiction over appeals of Commission decisions, in this case any appeal

would normally lie in the Federal Circuit and thus Federal Circuit law applies. Agere and the Commission argue that pursuant to this court's decision in <u>Rumsfeld v. Freedom, NY, Inc.</u>, 329 F.3d 1320, 1332 (Fed. Cir. 2003), Federal Circuit law provides that a vacated judgment has no preclusive effect.

Because any appeal of the Commission's final determination would be within this court's exclusive jurisdiction, we apply Federal Circuit law to the res judicata issue. <u>Canady</u> is not to the contrary. In <u>Canady</u>, the parties disputed whether the law of the forum in which the case was originally brought – the state of Missouri – or the law of the forum to which the case was removed – federal – governed the res judicata question. In contrast, in this case there is only one forum – federal. Both the <u>Atmel</u> litigation and the Commission proceedings are governed by federal law; thus, federal law governs the preclusion issue. <u>See generally Blonder-Tongue Labs, Inc. v. University of Ill. Found.</u>, 402 U.S. 313, 324 n.12 (1971) ("In federal-question cases, the law applied is federal law"); <u>Apparel Art Int'l, Inc. v. Amertex Enter. Ltd.</u>, 48 F.3d 576, 583 n.7 (1st Cir. 1995) ("[F]ederal law governs the res judicata effects of a federal court judgment in a prior federal question case on a subsequent case that presents a federal question to a federal court"). Commission proceedings generally are governed by Federal Circuit law. <u>See</u> <u>Panduit Corp. v. All States Plastic Mfg. Co.</u>, 744 F.2d 1564, 1574-75 (Fed.Cir.1984) (noting that this court may follow existing law or create new law "regarding any and all matters in cases where this court has exclusive jurisdiction over all appeals from a particular court"), overruled on other grounds by <u>Richardson-Merrell Inc. v. Koller</u>, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). We conclude that Federal Circuit law governs the preclusion issue.

Cypress argues in the alternative that if the court determines that Federal Circuit law governs, the court should rule that the vacated judgment retains collateral estoppel effect and precludes Agere from asserting the patent in the Commission proceedings. Generally, vacatur of a judgment "clears the path for future relitigation of the issues between the parties and eliminates a judgment." United States v. Munsingwear, 340 U.S. 36, 40 (1950); see also Freedom NY, 329 F.3d at 1332 ("[A] vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case") (citations omitted). While we are skeptical of Cypress's contention that the vacated judgment in Atmel could bar Agere from asserting its patent in the Commission proceedings, we do not decide that issue at this time. To decide the question presented by this mandamus petition, we need only decide whether Cypress has shown that the Commission clearly and indisputably erred in ruling that the Commission may proceed with its investigation. We determine that Cypress has not met its burden and thus deny the petition.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

APR 2 2009

_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Thomas L. Halkowski, Esq.
       David E. Sipiora, Esq.
       Sturgis M. Sobin, Esq.
       George E. Badenoch, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 02 2009

JAN HORBALY
CLERK

Misc. 898                               5

Michael D. Esch, Esq.
Keith L. Slenkovich, Esq.
Clint A. Gerdine, Esq.
Gary A. Hecker, Esq.
Mark Fowler, Esq.
Michael J. Bettinger, Esq.
Brian Edward Ferguson, Esq.
James L. Quarles, Esq.

s17